UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CARLOS E. CHRISTANCHO,

    Plaintiff,

v.

CENTRAL PORTFOLIO CONTROL, INC., AND
JOHN DOE

    Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and tort claims.

## JURISDICTION AND VENUE

2. Regarding the TCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Venue in this District is proper because Plaintiff resides here and Defendant, CENTRAL PORTFOLIO CONTROL, INC., placed telephone calls into this District.

## PARTIES

3. Plaintiff, CARLOS E. CHRISTANCHO, is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.

1

4. Defendant, CENTRAL PORTFOLIO CONTROL, INC., ("CPC") is a Minnesota corporation and citizen of the State of Minnesota with its principal place of business at Suite 300, 6640 Shady Oak Road, Eden Prairie, Minnesota 55344.

5. Defendant, CPC, is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6. Defendant, CPC, is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant, JOHN DOE, ("Doe") is CPC's client or some other entity whose identity is presently unknown to Plaintiff. Once afforded the right to discovery, Plaintiff will amend his complaint to state Doe's true name.

## FACTUAL ALLEGATIONS

8. Defendant, CPC, or others acting on its behalf, left pre-recorded messages on Plaintiff's voice mail on his cellular telephone within the four years preceding the filing of this complaint.

9. CPC, or others acting on its behalf, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

10. The content of CPC's messages suggest it was attempting to collect a debt from a person previously employed by Plaintiff some 20 years ago.

11. CPC failed to determine the identity of the cellular telephone subscriber prior to placing automated calls to Plaintiff's cellular service.

12. CPC failed to determine the status of Plaintiff's telephone service as cellular service before placing automated calls.

13. CPC willfully or knowingly violated the TCPA.

14. None of CPC's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

15. Defendant, Doe, provided CPC with Plaintiff's cellular telephone number indicating that it belonged to someone other than Plaintiff.

16. Doe's provision of Plaintiff's telephone number to CPC was wrongful.

17. As a result Doe's wrongful act, Plaintiff has incurred attorneys fees and costs in protecting his interests against CPC and subsequently bringing suit against CPC for violation of the TCPA.

18. Pursuant to the Wrongful Act Doctrine, Doe is responsible for Plaintiff's attorney fees and costs. *James Ventures, L.P. v. Timco Aviation Servs*., 403 Fed. Appx. 425 (11th Cir. Fla. 2010).

19. Doe misrepresented Plaintiff's cellular telephone number as belonging to someone other than Plaintiff, and knew or should have known otherwise.

20. Doe intended CPC to act upon its provision of Plaintiff's telephone number by placing calls to that number.

21. Plaintiff incurred damages including attorneys fees and costs as a result of the negligence of Doe.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST CPC

22. Plaintiff incorporates Paragraphs 1 through 21.

23. Defendant, CPC, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, CPC, for:

    a. Damages;

    b. a declaration that Defendant's calls violate the TCPA;

    c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

    d. Such other or further relief as the Court deems proper.

## COUNT II
## WRONGFUL ACT AGAINST JOHN DOE

24. Plaintiff incorporates Paragraphs 1 through 21.

25. Doe wrongfully provided CPC with Plaintiff's cellular telephone number representing it as the telephone number of some other person.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Doe for:

    a.    Damages;

    b.    attorneys fees and costs; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## NEGLIGENT MISREPRESENTATION AGAINST JOHN DOE

26.    Plaintiff incorporates Paragraphs 1 through 21.

27.    Doe provided CPC with Plaintiff's cellular telephone number representing it as the telephone number of some other person when it knew or should have known that its representation was false and Plaintiff incurred attorney fees and costs as a result thereof.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Doe for:

    a.    Damages;

    b.    attorneys fees and costs; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339
    Telephone: 954-537-2000
    Facsimile: 954-566-2235

        don@donyarbrough.com

    By: s/ Donald A. Yarbrough
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658